### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA LOZANO, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) | |
| AVENUE STORES, LLC, a Delaware limited liability company, | ) ) ) | Judge |
| *Defendant*. | ) | |

### CLASS ACTION COMPLAINT

Plaintiff Martha Lozano brings this Class Action Complaint against Defendant Avenue Stores, LLC ("Avenue Stores") to stop Defendant's practice of transmitting unauthorized text message calls to cellular telephones and to obtain redress for all persons injured by its conduct. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE CASE

1. In an effort to promote its women's apparel products, Defendant engaged in an invasive and unlawful form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the country.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has violated consumers' statutory and privacy rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies wireless spam, but also

1

because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which prohibits unsolicited voice and text calls to cellular phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the members of the class, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff is a natural person and a citizen of California.

6. Defendant Avenue Stores is a Delaware limited liability company with its principal place of business located in New Jersey. Defendant is a retail clothing company that distributes, markets, and sells its apparel to thousands of consumers through its retail stores, on its website, and via text message marketing, including retail stores located in this District.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

8. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant conducts business in this District; because Defendant is registered to do business in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as the unauthorized text messages at issue originated from this District.

**COMMON FACTUAL ALLEGATIONS**

9. In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10. One of the newer types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

11. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

12. Unlike more conventional advertisements, SMS calls, and particularly wireless spam, invade consumers' privacy and can actually cost their recipients money, because cell phone users such as Plaintiff must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

13. Certain marketers use this new technology to create "mobile alerts," or recurring programs in which text messages are automatically sent en masse to persons within a subscribed database. The content and parameters of such programs are set by the content providers themselves and frequently appear in the initial text message sent. Recurring mobile alerts are

subject to the TCPA and the same regulations promulgated by the FCC as other automated calls or text messages to cellular telephones.

14. Beginning in 2012, and continuing for years thereafter, Avenue Stores undertook a misguided effort to increase sales by causing the mass transmission of spam text message advertisements in the form of mobile alerts to the cell phones of those whom it hoped were potential customers of its apparel products.

15. On or about August 11, 2014, Plaintiff responded to an advertisement by Defendant for a "$5 OFF" coupon eligible to any person who sent the text message "Ave" to the shortcode "40679."

16. After responding to Defendant's advertisement and sending the text message "Ave" to shortcode 40679 as described, Plaintiff's cell phone rang, indicating that a text message call was being received. The message Plaintiff received was an automated confirmatory text message from Avenue Stores. The body of the text message read:

> AVENUE: to confirm your
> opt-in, please reply YES.
> Consent not req to buy
> goods/svcs. Msg&data
> rates may apply. Up to
> 4msgs/mo. Reply STOP 2
> stop, HELP for help

17. In the text message transmission that Plaintiff received, the "from" field was identified as "40679," which is an abbreviated telephone number known as an SMS short code operated by Defendant's agents. The use of an SMS short code by Defendant's agents enabled Defendant's mass transmission of wireless spam to lists of cellular telephone numbers.

18. Based on the representations made by Defendant in the text message identified in paragraph 16 above, including specifically the limitation on the number of monthly text messages to be sent by Defendant, Plaintiff responded to Defendant's text message by replying back a text message stating "Yes."

19. After responding to the text message identified in paragraph 16, Plaintiff began to receive monthly automated text messages from Defendant advertising various products and sales.

20. The TCPA prohibits automated phone calls and text message calls, including the text message calls at issue here, to wireless cellular telephones unless the sender receives the recipient's prior express consent. 47 U.S.C. § 277(b)(iii).

21. The Avenue Stores confirmatory text message identified above in paragraph 16 explicitly states that subscribers would be sent no more than four (4) text messages per month.

22. However, Defendant sent at least five (5) text message advertisements to Plaintiff's cellular telephone during the month of October 2014. Specifically, Plaintiff was sent text messages by or on behalf of Defendant on at least October 9, October 13, October 17, October 24, and October 27. Each of these text messages was sent automatically and instantaneously by Defendant though the use of an automatic telephone dialing system from the short code 40679.

23. Because the initial opt-in message that Avenue Stores sent to Plaintiff stated that she would receive no more than four (4) messages per month, any additional messages beyond the first four messages she received in any given month were unauthorized and sent without Plaintiff's consent in violation of the TCPA.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and a nationwide class (the "Class"), defined as follows: All persons in the United States and its Territories who, within four years prior to the commencement of this litigation, were sent more than four (4) text messages in a single month by or on behalf of Defendant to their cellular telephone wherein said text messages were sent using an automatic telephone dialing system.

25. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

26. Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class. Common questions for the Class include, but are not limited, to the following:

   (a) Did Defendant and/or its agents send one or more text message advertisements to members of the Class?

   (b) Did Defendant and/or its agents use an automatic telephone dialing system to transmit the text message advertisements at issue?

   (c) Did Defendant and/or its agents transmit text message advertisements to persons who did not provide Defendant with prior express consent to receive such messages?

   (d) Did Defendant and/or its agents transmit more than four (4) text messages in any single month to members of the Class?

(e) Did Defendant and/or its agents transmit in any period of time more text messages than what Defendant represented would be sent in that period of time?

(f) Did the wireless spam distributed by Defendant violate the TCPA?

(g) Are the members of the Class entitled to treble damages based on the willfulness of Defendant's conduct?

(h) Should Defendant be enjoined from engaging in such conduct in the future?

27. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

28. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in distributing the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

29. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of Defendant's unlawful distribution of the wireless spam

alleged herein.

30. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Class

31. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

32. Defendant directed the placement of unauthorized commercial text message calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

33. These text message calls were made *en masse* through the use of a short code without the prior express consent of Plaintiff and the Class.

34. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

35. As a result of Defendant's illegal conduct, Plaintiff and the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

36. To the extent Defendant knew or should have known that the members of the Class did not provide prior express consent to be sent the wireless spam at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of statutory damages;
3. An injunction requiring Defendant to cease all wireless spam activities;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

August 26, 2015

MARTHA LOZANO, individually and on behalf of a class of similarly situated individuals

/s/ Eugene Y. Turin
One of Her Attorneys

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com