IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTHA LOZANO, Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:15-cv-07515 ) |
| v. | ) Hon. Judge Amy J. St. Eve ) |
| AVENUE STORES, LLC and PERSIO, INC., | ) Hon. Magistrate Judge Michael Mason ) ) |
| Defendants. | ) |

### REPLY MEMORANDUM IN FURTHER SUPPORT OF
### AVENUE STORES, LLC'S MOTION TO STAY

Plaintiff Martha Lozano readily admits that she consented to receive text messages from Avenue Stores. She is suing because she contends that she received *one* more text message than she wanted in October of 2014. Ms. Lozano has not opted-out of the text program, but she has filed this putative nationwide class action lawsuit on behalf of herself and supposedly others like her. The dubious nature of her complaint notwithstanding, this case should be stayed pending the Supreme Court's forthcoming guidance as to whether these no-injury class actions may be maintained in the absence of any cognizable and compensable injury-in-fact as is required by Article III of the Constitution.

As Judge Bucklo held in staying a yet another TCPA case pending a Supreme Court decision, "[d]iscovery is expensive and in my experience, it is mostly the attorneys who benefit from these cases." *Fauley v. Royal Canin U.S.A., Inc.*, No. 15-cv-2170, DE 23 (N.D. Ill. May 22, 2015); *see also Telephone Sci. Corp. v. Hilton Grand Vacations Co., LLC*, No. 15-cv-969, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015) ("There is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly

ascertained, especially considering that those claims will be the topic of such discovery and motions practice."). Considering the Supreme Court's imminent *Spokeo* and *Tyson Foods* decisions could determine whether a plaintiff—such as Lozano—may utilize the federal court system to prosecute no-injury cases such as this one, a temporary stay is prudent and appropriate.

To begin, Plaintiff did not file any opposition to Avenue Stores' request to stay, nor did Plaintiff bother to inform the Court as to her reason for failing to do so. Therefore, and pursuant to Local Rule 78.3, this Court may—and should—grant Avenue Stores' motion to stay without an opposition brief or further hearing.

Apparently in lieu of an opposition brief, Plaintiff filed an amended complaint seeking to transform an admittedly-consented-to text message into a nationwide consumer fraud class action. Plaintiff's tag-along consumer fraud claim does not alter the nature of the alleged "injury" in this case—at most, a purely hyper-technical statutory violation—or the basis for Avenue Stores' motion to stay. Plaintiff *still* alleges no facts concerning actual harm, either as to her or the putative classes she seeks to represent. In other words, *Spokeo* and *Tyson Foods* are likely to bear directly on foundational issues concerning Plaintiff's individual and class claims. Accordingly, this Court should follow the more than one dozen courts throughout the country, including many courts within this District, and stay this action pending the Supreme Court's forthcoming *Spokeo* and *Tyson Foods* decisions, both of which are expected prior to the conclusion of the Supreme Court's current term in June of 2016.

## DISCUSSION

### I. THIS COURT SHOULD GRANT AVENUE STORES' MOTION WITHOUT OPPOSITION PURSUANT TO LOCAL RULE 78.3.

Pursuant to Local Rule 78.3, where a party fails to file an opposition brief, "the court on its own motion or that of a party may . . . grant the same without further hearing." L. R. 78.3; *see also Menola v. Int'l Union of Elevator Constructors, AFL-CIO, IUEC Local No. 2*, No. 05-cv-0075, 2005 WL 1503127, at *1 n.1 (N.D. Ill. June 23, 2005) ("[P]ursuant to Local Rule 78.3, district courts in this Circuit may, and do, rule on moving parties' motions without further hearing when non-moving parties fail to file timely responsive pleadings.").

Avenue Stores filed the instant motion on October 29, 2015. (DEs 15, 16.) On November 5, 2015, the Parties appeared before this Court to discuss the motion and to set a briefing schedule. (*See* DE 18.) At Plaintiff's request, this Court set December 1, 2015 as the deadline for any opposition. (*Id.*) Despite that deadline, Plaintiff did not file an opposition, nor did she even bother to inform the Court as to her misguided position that an amended complaint somehow necessarily moots the motion to stay.[1] However, the basis for Avenue Stores' motion—that this case should not proceed without essential guidance from the Supreme Court as to Article III standing—is *not* impacted by Plaintiff's amended complaint, which simply adds a tag-along claim for consumer fraud and another defendant. *See, e.g.*, *McRae v. Comer*, No. 13-cv-8028, 2015 WL 500526, at *6 (N.D. Ill. Feb. 4, 2015) (evaluating motion to stay, despite amended complaint, because basis for the motion was not impacted by the amended pleading); *Davis v. Fenton*, 26 F. Supp. 3d 727, 745 (N.D. Ill. 2014) (ruling on motion to stay where

---

[1] As a professional courtesy, counsel for Avenue Stores reached out to Plaintiff's counsel on December 7 to remind Plaintiff's counsel of the opposition deadline and to determine why an opposition brief was not filed. Plaintiff's counsel waited until the eve of Avenue Stores' reply deadline before responding, without explanation or citation, that counsel believed the motion was moot. It is not.

amended complaint would not change the outcome); *Glodo v. CPG Int'l, Inc.*, No. 13-cv-402, 2013 WL 5366852, at *2 n.1 (S.D. Ill. Sept. 25, 2013) (finding motion to stay is not rendered moot where basis for motion to stay is not impacted by amended complaint). This Court should grant Avenue Stores' motion without opposition or further hearing. The reasons in support of a stay, however, are not limited to Plaintiff's lack of opposition.

## II. THIS COURT SHOULD FOLLOW THE DECISIONS OF COURTS IN THIS DISTRICT AND THROUGHOUT THE COUNTRY STAYING CASES PENDING FORTHCOMING SUPREME COURT DECISIONS.

The overwhelming majority of courts in this District and throughout the country have stayed statutory actions pending the outcome of the Supreme Court's forthcoming decisions. *See, e.g.*, *Fauley v. Virbac Corp.*, No. 15-cv-09125, DE 21 (Darrah, J.) (staying TCPA case pending *Spokeo*); *Royal Canin*, No. 15-cv-2170, DE 23 (Bucklo, J.) (staying TCPA case pending Supreme Court decision); *Stemberk v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 15-cv-2083, DE 35 (N.D. Ill. Nov. 19, 2015) (Kennelly, J.) (staying FDCPA case pending *Spokeo*); *see also Telephone Science Corp.*, 2015 WL 7444409, at *3 (staying TCPA case pending *Spokeo*); *Eric B. Fromer Chiro., Inc. v. New York Life Ins. & Annuity Corp.*, No. 15-cv-04767, 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015) (staying TCPA case pending *Spokeo*); *Duchene v. Westlake Servs.*, LLC, No. 13-cv-01577, 2015 WL 5947669, at *4 (W.D. Pa. Oct. 13, 2015) (staying TCPA case pending *Spokeo*); *Boise v. ACE USA, Inc.*, No. 15-cv-21264, 2015 WL 4077433, at *5-6 (S.D. Fla. July 6, 2015) (staying TCPA case pending *Spokeo*);

The rationale of these cases is sound; *Spokeo* and *Tyson Foods* have the potential to impact the very foundation of these no-injury cases, which is the quintessential threshold inquiry of Article III standing. A stay will thus help avoid the wasted expenditure of significant resources by the Court and Parties before issues of subject matter jurisdiction can be resolved.

*See, e.g.*, *Royal Canin*, No. 15-cv-2170, DE 23 ("Discovery is expensive and in my experience, it is mostly the attorneys who benefit from these cases."); *Duchene*, 2015 WL 5947669, at *4 ("There is a real possibility that [*Spokeo*] will result in this Court losing jurisdiction to hear the case before it, given the Questions Presented in the Supreme Court. If that happens, any judicial resources spent on this matter between now and then would essentially be to no avail."); *Telephone Sci. Corp.*, 2015 WL 7444409, at *3 ("There is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained [due to *Spokeo*]."); *Eric B. Fromer*, 2015 WL 6579779, at *2 ("[I]f the case is not stayed, the Court, the parties, and the absent class members . . . would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary.").

And finally, there is no risk of prejudice to Plaintiff by temporarily staying this case. First, Plaintiff has failed to even file a brief in opposition to the instant motion indicating any conceivable bases for prejudice. Second, Plaintiff waited nearly one year after receiving the allegedly offending text messages before bringing this action. She cannot now claim prejudice from a brief and finite stay. *See, e.g.*, *Fauley*, No. 15-cv-2170, DE 23 ("I note that the case was not filed until nearly two years after plaintiff received the fax in question, indicating that plaintiff was not concerned with delay."). Third, a litigation hold is in place thus eliminating any concerns relating to discovery from Avenue Stores. And, Persio, Inc.—the only marketing service provider involved in this action—is now a named defendant, thus eliminating any concerns regarding third-party discovery.

### III. PLAINTIFF'S AMENDED COMPLAINT DOES NOT ALTER THE FACT THAT HER ALLEGED HARM CONSISTS SOLELY OF A HYPER-TECHNICAL STATUTORY VIOLATION.

Plaintiff's misguided effort to convert an alleged one-time overage text into a nationwide consumer fraud class action does not alter the nature of her alleged injury—a hyper-technical statutory violation. Like her TCPA claim, Plaintiff's tag-along consumer fraud claim similarly fails to allege any actual harm, let alone a claim that could plausibly withstand facial scrutiny.[2]

As a preliminary matter, Plaintiff's tag-along ICFA claim is frivolous. The fact that Plaintiff *admittedly consented* to receive text messages from Avenue Stores belies her new claim that the *single* overage text message she received over one year ago constitutes a scheme to defraud consumers, let alone one that caused "substantial injury." (*See* DE 20 ¶¶ 19, 40.)[3] Indeed, Courts in this District routinely dismiss tag-along ICFA claims in TCPA cases. *See, e.g.*, *Rossario's Fine Jewelry, Inc. v. Paddock Publ., Inc.*, 443 F. Supp. 2d 976, 979 (N.D. Ill. 2006) (dismissing ICFA claim and criticizing the practice of carving up a single act into multiple claims); *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 617 (N.D. Ill. 2009) (dismissing ICFA claim finding "any allegation of a substantial injury in

---

[2] Plaintiff's tag-along consumer fraud claim highlights exactly why her claims are uncertifiable. Plaintiff's ICFA claim—like her TCPA claim—is predicated on the notion that all text message recipients saw the exact same representation concerning the per-month text limit (which is not the case), and *only* as a result of that representation (*i.e.*, reliance) consented to receive Avenue Stores text messages. (*See, e.g.*, DE 20 ¶¶ 19, 41.) This would require individual inquiries such as (i) what each class member saw when signing up for text messages and (ii) why each class member signed up for text messages, which would necessarily overwhelm any conceivable common questions. *See, e.g.*, *Blair v. Supportkids, Inc.*, No. 02-cv-0632, 2003 WL 1908031, at *5 (N.D. Ill. Apr. 18, 2003) (St. Eve, J.) ("Such individual issues of causation, reliance and damages plague class actions brought for fraud, and the courts frequently deny class certification in such cases because those issues generally predominate over any alleged common issues of fact or law."); *Lipton v. Chattem, Inc*., 289 F.R.D. 456, 462 (N.D. Ill. 2013) (denying certification of an ICFA claim, holding "[c]ertification under Rule 23(b)(3) is not appropriate for resolving such highly individualized questions of fact.") (internal quotations and citation omitted).

[3] Plaintiff's persistence in referring to the text messages at issue—which she admittedly wanted and consented to receive (apart from, allegedly, a one-time overage message)—as "spam" calls into serious question the veracity of Plaintiff's allegations.

plaintiff's ICFA claim is not plausible"); *Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyr's Inc.*, No. 11-cv-6959, 2012 WL 638765, at *5 (N.D. Ill. Feb. 23, 2012) (dismissing ICFA claim).

Similarly, Plaintiff's attempt to manufacture an injury-in-fact does not circumvent *Spokeo*. Plaintiff asserts in conclusory fashion that "Plaintiff and the ICFA Subclass were forced to pay their cellphone providers for the receipt of the unauthorized text messages that Defendants sent . . . ." (*See* DE 20 ¶ 42.) The conclusory nature of this allegation—which is supported by no *facts*—is evidenced by the immediately following allegation: "cell phone users like Plaintiff and the ICFA Subclass members have to pay their respective wireless service providers for each text message call they receive, incur a usage allocation deduction from the total number of text messages allowed under their cellphone plan or are assessed a fixed or variable usage fee." (*See id.* ¶ 43.) Tellingly, Plaintiff does not make the straightforward allegation (i) that she actually incurred any extra monetary charge (let alone what the charge was) as a result of the text at issue, (ii) which, if any, of the alternative harms listed she suffered or (iii) that she even pays her cell phone bill. Indeed, one of the listed harms—deduction from the total number of text messages in a phone plan—does not necessarily correspond to any monetary harm or extra cost whatsoever.

Plaintiff's failure to factually allege a specific concrete harm—and instead allege three alternative *potential* harms—indicates her counsel is coyly skirting the obvious: she suffered no actual harm. *See, e.g.*, *DeGroot v. Vill. of Matteson*, No. 13-cv-08530, 2014 WL 3360562, at *4 (N.D. Ill. July 9, 2014) (St. Eve, J.) ("Plaintiff also must allege facts sufficient to establish that he has standing . . . to bring whichever claim he asserts."); *Silha v. Act, Inc.*, -- F.3d --, 2015 WL 7281602, at *4 (7th Cir. Nov. 18, 2015) (affirming St. Eve, J.) (noting allegations of standing must meet the *Twombly-Iqbal* plausibility standard); *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 913 (N.D. Ill. 2012) (holding, in a TCPA case, plaintiff's allegations of harm

"are mere legal conclusions. Such allegations fail to provide Defendants with any notice about the amount and extent of harm Plaintiff has allegedly suffered or how exactly she was damaged or injured."). Such oblique pleading of injury was recently dismissed by Judge Chang in a TCPA case. *See Leung v. XPO Logistics, Inc.*, No. 15-cv-3877, DE 41 at 13 ("[H]e must allege and prove that he 'would have been [] better off' financially had XPO not called.").[4]

Moreover, many consumers use an unlimited text message plan. Plaintiff apparently assumes that all text message recipients incur costs of some kind. (*See* DE 20 ¶¶ 42-43.) Common sense, however, dictates that this assumption is incorrect, and may not even apply to Plaintiff (or many, if not most, of the putative class and subclass members). *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Consumers with an unlimited text plan would not have incurred any per-text charge, usage deduction or usage fee.

The fact that many consumers have unlimited text messages plans militates strongly in favor of staying this action pending the *Tyson Foods* decision. Through *Tyson Foods*, the Supreme Court will determine whether and to what extent classes can be certified under Rule 23(b)(3) where numerous class members have suffered no injury. *See, e.g.*, *Perrin v. Papa John's Int'l, Inc.*, No. 09-cv-1335, 2015 WL 3823142, at *5 (E.D. Mo. June 19, 2015) (staying

---

[4] Judge Chang's order further demonstrates why Plaintiff has alleged no injury here, as opposed to in the *Leung* case, where Judge Chang denied a motion to stay pending *Spokeo* on the basis that an injury was alleged. Here, instead of alleging that Plaintiff *herself* suffered an invasion of privacy or specifying an actual cost incurred as a result of the allegedly offending text message, Plaintiff makes conclusory oblique references to "consumers" and injuries in general. *Compare Leung*, No. 15-cv-3877, DE 41 at 10-11 (noting Leung alleged and invasion of *his* privacy) *with* DE 20 ¶ 2 ("Defendants have violated *consumers*' statutory and privacy rights and caused actual harm to *consumers*") (emphasis added.). Plaintiff's inability to allege an actual concrete injury here is unsurprising given that she admittedly consented to receive text messages from Avenue Stores. (*See* DE ¶ 19.)

class action pending *Tyson Foods*).  Further, the Seventh Circuit's recent *Silha* decision certainly indicates that the basis for Article III standing in TCPA text cases for consumers with unlimited text message plans is tenuous at best.  *See Silha*, 2015 WL 7281602, at *5 ("A plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court.") (internal quotations and citation omitted); *Leung*, No. 15-cv-3877, DE 41 at 13 (same).

It is thus clear that Plaintiff's "injury" stems solely from the alleged technical violation of the TCPA, and not any actual harm amounting to an injury-in-fact.  This Court should therefore stay this case pending the Supreme Court's *Spokeo* and *Tyson-Foods* decisions.

## CONCLUSION

For the foregoing reasons, Avenue Stores, LLC respectfully requests this Honorable Court: (i) to enter a temporary stay all proceedings in this action pending the U.S. Supreme Court's final disposition of *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S.) and *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146 (U.S.); and (ii) to award all other relief deemed equitable and just.

|  |  |
|---|---|
| Dated: December 11, 2015 | **SHEPPARD MULLIN**<br>**RICHTER & HAMPTON LLP**<br><br>By: /s/ *David S. Almeida*<br>      One of Their Attorneys<br><br>David S. Almeida, ARDC #6285557<br>dalmeida@sheppardmullin.com<br>David M. Poell, ARDC #6302765<br>dpoell@sheppardmullin.com<br>Mark S. Eisen, ARDC #6312738<br>meisen@sheppardmullin.com<br>**SHEPPARD MULLIN**<br>**RICHTER & HAMPTON LLP**<br>70 West Madison Street, 48th Floor<br>Chicago, Illinois 60602<br>Telephone: (312) 499-6300<br>Facsimile: (312) 499-6301<br><br>*Counsel for Avenue Stores, LLC* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing **REPLY MEMORANDUM IN FURTHER SUPPORT OF AVENUE STORES, LLC'S MOTION TO STAY** was served upon all interested parties using this Court's ECF filing system this 11th day of December, 2015.

/s/ *David S. Almeida*